UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS JAMES MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 17-2518 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on December 19, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On July 23, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner as set forth below.

# I.
# **PROCEDURAL BACKGROUND**

On April 4, 2014, Plaintiff filed an application for disability insurance benefits and alleged an onset date of April 15, 2013. Administrative Record ("AR") 15. The application was denied initially and upon reconsideration. AR 15, 90, 106. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On April 3, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 34-78. On June 1, 2017, the ALJ issued a decision denying benefits. AR 12-26. On November 15, 2017, the Appeals Council denied review. AR 1-5. This action followed.

# II.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2018. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of affective disorder; anxiety disorder; sleep-related breathing disorder/sleep apnea; prostatectomy, recurrence of prostate cancer; and secondary Parkinsonism. AR 17.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work except that he could frequently balance, stoop, crouch and crawl; frequently climb ramps and stairs; and frequently handle and finger with bilateral hands. He was precluded from climbing ladders, ropes and scaffolds; work at unprotected heights; and work around moving mechanical parts. He was limited to simple routine tasks; simple work-like decisions; frequent interaction with supervisors and coworkers but not on a collaborative basis; and occasional interaction with the public. AR 18-19.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

Plaintiff was unable to perform any past relevant work but there were jobs that existed in significant numbers in the national economy that he could perform such as grocery bagger, polisher and stores laborer. AR 24-25.

### C. Medical Evidence

Plaintiff argues that the ALJ did not order a consultative examination and relied on state agency physicians who rendered opinions either that Plaintiff had no impairments or was capable of performing medium work. AR 24, 83-84, 99-101.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn,* 495 F.3d at 632 (citations omitted and internal quotations omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Id.* at 632. When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation and emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On January 21, 2015, Plaintiff was noted to have a flat affect with poor facial expression, slow movement and difficulty doing simple tasks such as brushing his teeth or tying his shoes. He did not have ataxia (loss of control of movement). Plaintiff was noted to have a movement disorder, rule out Parkinson's disease. AR 503-04. On February 10, 2015, Plaintiff reported to his psychiatrist that he was sleeping approximately 15 hours per day. AR 378.

On February 24, 2015, Plaintiff went to a neurology clinic for slow movement, difficulty walking, and occasional hand tremor. On examination, Plaintiff had bradykinesia, decreased arm swing and slower gait. AR 506, 508. The impression was Parkinsonism, secondary due to his use of antipsychotic medication. AR 508-09. In April 2015, Plaintiff's affect was "mask-like with decreased blinking" and his balance was off. AR 382.

On May 26, 2015, Plaintiff returned to the neurologist. Plaintiff was noted to have slow movement, difficulty walking, rigidity, a shuffling gait and bilateral hand tremor that affected his handwriting. AR 510. Neurological testing revealed "positive for Bradykinesia (left side greater than right side); positive for rigidity." He had decreased arm swing and his gait was slower but not shuffling. AR 512. The impression remained Parkinsonism, secondary to his history of antipsychotic medication. The neurologist ordered an MRI of the brain. AR 513. In June 2015, the MRI was normal. AR 514.

On August 5, 2015, the neurologist noted Plaintiff was positive for bradykinesia and rigidity, and his gait was slower but not shuffling. The impression remained Parkinsonism, secondary to antipsychotic medication, and the neurologist started a trial of the medication Sinemet. AR 517. Plaintiff's psychiatrist noted that his affect remained "mask-like" and his movements were slow. AR 386.

On October 8, 2015, Plaintiff reported significant improvement in rigidity, balance and tremor without side effects. AR 519; see also AR 388, 390. Plaintiff had mild bradykinesia and rigidity, and a slower gait with decreased arm swing. AR 522. The neurologist diagnosed Parkinson's disease, increased the dosage of Sinemet and told Plaintiff to increase his exercise. AR 521. On September 1, 2015, Plaintiff reported a decrease in tremors with medication. AR 387.

On December 17, 2015, Plaintiff reported that he was exercising by walking on a treadmill in his home. AR 524. On examination, he has mild bradykinesia and rigidity, and a slower gait. AR 526. In January 2016, Plaintiff's affect was constricted but less "mask-like' and his movements were more fluid. He was sleeping 10 hours per day. AR 391. On March 4, 2016, Plaintiff reported that he continued to exercise by walking on his treadmill twice per week. His affect was somewhat flat. AR 529.

On April 7, 2016, Plaintiff complained of tiredness, depression and exercise only by walking his dogs 20 minutes per day. He became lightheaded if he stood up quickly, and his Parkinson's symptoms were worse in the morning after he wakes up. AR 539, 541. He had mild bradykinesia and rigidity bilaterally, and a slower gait. The physician added a medication at night. AR 541-42. On April 18, 2016, Plaintiff reported that his Parkinson's was acting up and he was on a new time-release Sinemet. His affect was "mask-like." AR 392.

In May 2016, Plaintiff reported feeling 70% normal, "fine" and able to smile. He vacationed in Peru. AR 393. In August 2016, Plaintiff reported that his Sinemet dose increased and he felt "good." He was keeping "busy at home and traveling at lot." His depression was 3/10 and he had no anxiety. His sleep was OK and he had no tremors. He was more animated. AR 394. On August 24, 2016, Plaintiff reported some improvement in his symptoms. AR 559. Plaintiff had no tremor, mild bradykinesia and no obvious rigidity. He was continued on the same medications. AR 561-62.

On November 29, 2016, Plaintiff reported that his balance is okay but he has stiffness in the morning when he wakes up. Plaintiff denied hand tremor or head

tremor.  He exercised every day either riding a bicycle or walking, and easily got tired.  His depression was stable.  AR 564.  He was noted to have no tremor, mild bradykinesia and no obvious rigidity.  AR 565.  He was continued on the same medications.  AR 566.

The ALJ gave less weight to the first state agency physician, who "did not have the opportunity to review the updated medical evidence."  AR 24.  That first state agency physician completed his review on July 8, 2014, and did not review medical records regarding Parkinson's disease.  AR 79-84.

The ALJ gave "significant weight to the opinion of the State agency physician on reconsideration who opined the claimant was capable of performing medium-exertion work."  AR 24.  However, there is no indication that the state agency physician on reconsideration reviewed the medical records about Parkinson's disease.  The review was dated December 20, 2014 and the medical records about Parkinson's began in January 2015.  AR 99-101.

The medical records after the diagnosis of Parkinsonism or Parkinson's disease do not opine on Plaintiff's functional limitations or his ability to work.  Under these circumstances, and absent a consultative examination to assess his physical functional limitations, the medical records "without more, were insufficient to fully develop the record."  *Roe v. Comm'r*, 599 Fed. Appx. 651, 652 (9th Cir. 2015) (finding ALJ did not adequately develop the record when sole medical opinion occurred prior to claimant's treatment for new conditions, ALJ did not order new consultative examination and medical records contained diagnosis and treatment history but no assessment of functional limitations).  This matter will be remanded for a consultative examination on Plaintiff's physical limitations and any other appropriate proceedings.[2]

---

[2] Because this matter is being remanded for an assessment of Plaintiff's physical limitations, the court does not reach Plaintiff's additional argument regarding credibility.

7

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for a consultative examination on Plaintiff's physical limitations and any other appropriate proceedings.

DATED: August 10, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge